# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| BESTWAY INFLATABLES & MATERIAL CORP.     ) | |
|        ) | Case No.: 21-cv-2761 |
|     Plaintiff,     ) | |
|        ) | Hon. Andrea R. Wood |
| v.     ) | |
|        ) | |
| THE INDIVIDUALS, CORPORATIONS,     ) | |
| LIMITED LIABILITY COMPANIES,     ) | |
| PARTNERSHIPS AND UNINCORPORATED     ) | |
| ASSOCIATIONS IDENTIFIED     ) | |
| ON SCHEDULE A HERETO,     ) | |
|        ) | |
|     Defendants.     ) | |

**ANSWER ON BEHALF OF DEFENDANTS SUNSHINETREE AND TOOTOOUP**

Defendants sunshinetree and tootooup, by and through undersigned counsel, hereby

respond to Plaintiff's Complaint as follows:

**JURISDICTION AND VENUE**

1.      This Court has original subject matter jurisdiction over the claims in this action

pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)–(b)

and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under

the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are

so related to the federal claims that they form part of the same case or controversy and derive

from a common nucleus of operative facts.

ANSWER: Defendants deny that Plaintiff is entitled to recover against them under any

theory of law. Defendants admit any remaining allegations contained in this paragraph.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may

properly exercise personal jurisdiction over Defendants since each of the Defendants directly

targets consumers in the United States, including Illinois, through at least the fully interactive commercial Internet stores operating under the Defendant Domain Names and/or the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of Plaintiff's trademarks. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products bearing counterfeit versions of Plaintiff's federally registered trademarks to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

ANSWER: Denied.

## INTRODUCTION

3.     This action has been filed by Plaintiff to combat online counterfeiters who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's BESTWAY's trademarks, which are covered by U.S. Trademark Registration Nos. 2,748,177; 2,756,976 and 5,702,452. The Registrations are valid, subsisting, and in full force and effect. True and correct copies of the federal trademark registration certificate for each mark are attached hereto as Group Exhibit 1.

> ANSWER: Defendants deny that Plaintiff is entitled to recover against them under any theory of law. Defendants admit there is a lawsuit. Defendants do not possess sufficient information to admit or deny the remaining allegations contained in this paragraph and on that basis they are denied.

4.      The Defendants create for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal counterfeiting operation. Plaintiff is forced to file this action to combat Defendants' counterfeiting of Plaintiff's registered trademarks, as well as to protect unknowing consumers from purchasing unauthorized BESTWAY products over the Internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of their valuable trademarks as a result of Defendants' actions and seeks injunctive and monetary relief.

ANSWER: Denied.

5.      This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Illinois and in this Judicial District. In addition, each Defendant has offered to sell and ship infringing products into this Judicial District.

ANSWER: Denied.

**THE PLAINTIFF**

6.      Plaintiff BESTWAY INFLATABLES & MATERIAL CORP. is a Chinese company located at 3065 Caoan Road, Shanghai, 201812.

ANSWER: Defendants do not possess sufficient information to admit or deny the allegations contained in this paragraph and on that basis they are denied.

7.      Plaintiff BESTWAY INFLATABLES & MATERIAL CORP. is the registered owner of BESTWAY trademarks (U.S. Trademark Registration Nos. 2,748,177; 2,756,976 and 5,702,452). BESTWAY INFLATABLES & MATERIAL CORP. develops, markets, sells and

distributes inflatable leisure products, water sports products, and other related products that are

developed and sold around the world. CORP. is the owner of the U.S. trademarks

and the official source of BESTWAY products in the United States, which include the following:

https://www.bestwaycorp.com/Brand/Index?Page=Above_Ground_Pools_Accessories



ANSWER: Defendants do not possess sufficient information to admit or deny the

allegations contained in this paragraph and on that basis they are denied.

8.      Since at least June 25, 2001, the BESTWAY marks are and have been the subject

of substantial and continuous marketing and promotion by Plaintiff. Plaintiff has and continues

to widely market and promote the BESTWAY marks in the industry and to consumers.

Plaintiff's promotional efforts include — by way of example, but not limitation — substantial

website and social media sites, and point of sale materials.

ANSWER: Defendants do not possess sufficient information to admit or deny the

allegations contained in this paragraph and on that basis they are denied.

9.      The BESTWAY trademarks are distinctive and identify the merchandise as goods

from Plaintiff. The registrations for the BESTWAY trademarks constitute prima facie evidence

of its validity and of Plaintiff's exclusive right to use the BESTWAY trademarks pursuant to 15

U.S.C. § 1057(b).

ANSWER: Defendants do not possess sufficient information to admit or deny the

allegations contained in this paragraph and on that basis they are denied.

10.     The BESTWAY trademarks qualify as famous marks, as that term is used in 15

U.S.C. §1125 (c)(1), and have been continuously used and never abandoned.

ANSWER: Defendants do not possess sufficient information to admit or deny the

allegations contained in this paragraph and on that basis they are denied.

11.     Plaintiff has expended substantial time, money, and other resources in developing,

advertising, and otherwise promoting the BESTWAY trademarks. As a result, products bearing

the BESTWAY trademarks are widely recognized and exclusively associated by consumers, the public,

and the trade as being products sourced from Plaintiff.

ANSWER:  Defendants do not possess sufficient information to admit or deny the

allegations contained in this paragraph and on that basis they are denied.

**THE DEFENDANTS**

12.     Defendants are individuals and business entities who, upon information and

belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants

conduct business throughout the United States, including within Illinois and in this Judicial

District, through the operation of fully interactive commercial websites and online marketplaces

operating under the Defendant Internet Stores. Each Defendant targets the United States,

including Illinois, and has offered to sell and, on information and belief, has sold and continues

to sell counterfeit BESTWAY products to consumers within the United States, including Illinois

and in this Judicial District.

ANSWER: Defendants admit they are entities located in the People's Republic of China. The remaining allegations contained in this paragraph are denied.

## THE DEFENDANTS' UNLAWFUL CONDUCT

13.     The success of the BESTWAY brand has resulted in its counterfeiting. Plaintiff has identified numerous domain names linked to fully interactive websites and marketplace listings on platforms such as iOffer, eBay, PayPal, Wish, Amazon, Alipay, and DHgate, including the Defendant Internet Stores, which were offering for sale, selling, and importing counterfeit BESTWAY products to consumers in this Judicial District and throughout the United States. statistics report issued by Homeland Security, the manufacturer's suggested retail price

(MSRP) of goods seized by the U.S. government in fiscal year 2017 was over $1.21 billion. Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

ANSWER: Denied.

14. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine BESTWAY products. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union, eBay, PayPal, Wish, Amazon, Alipay, and DHgate. Defendant Internet Stores often include images and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an authorized website. Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and eBay, PayPal, Wish, Amazon, Alipay, and DHgate logos.

ANSWER: Denied.

15. Plaintiff has not licensed or authorized Defendants to use the BESTWAY trademarks, and none of the Defendants are authorized retailers of genuine BESTWAY products.

ANSWER: Defendants do not possess sufficient information to admit or deny the allegations contained in this paragraph and on that basis they are denied.

16. Upon endant Internet Store listings show up at or near the top of relevant search results and misdirect consumers searching for genuine BESTWAY products. Further, Defendants utilize similar illegitimate SEO tactics to propel new domain names to the top of search results

after others are shut down. As such, Plaintiff also seeks to disable Defendant Domain Names owned by Defendants that are the means by which the Defendants could continue to sell counterfeit BESTWAY products.

ANSWER: Denied.

17. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. For example, many of Defendants' names and physical addresses used to register the Defendant Domain Names are incomplete, contain randomly typed letters, or fail to include cities or states. Other Defendant Domain Names use privacy services that conceal the owners' identity and contact information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their massive counterfeiting operation, and to avoid being shut down.

ANSWER: Denied.

18. Even though Defendants. The Defendant Internet Stores also include other notable common features, including use of the same domain name registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

ANSWER: Denied.

19. In addition to operating under multiple fictitious names, Defendants in this case

and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new domain names or online marketplace accounts under new aliases once they receive notice of a lawsuit. Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners. Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2012 U.S. Customs and Border Protection report on seizure statistics indicated that the Internet has fueled "explosive growth" in the number of small packages of counterfeit goods shipped through the mail and express carriers.

ANSWER: Denied.

20.     Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts and eBay, PayPal, Wish, Amazon, Alipay, and DHgate accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their eBay, PayPal, Wish, Amazon, Alipay, and DHgate accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of eBay, PayPal, Wish, Amazon, Alipay, and DHgate transaction logs from previous similar cases indicates that offshore counterfeiters regularly move funds from U.S.-based eBay, PayPal, Wish, Amazon, Alipay, and DHgate accounts to China-based bank accounts outside the jurisdiction of this Court.

ANSWER: Denied.

21.     Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the BESTWAY trademarks in connection with the advertisement, distribution, offering for sale, and sale of counterfeit BESTWAY products into

the United States and Illinois over the Internet. Each Defendant Internet Store offers shipping to the United States, including Illinois and, on information and belief, each Defendant has offered to sell counterfeit BESTWAY products into the United States, including Illinois.

ANSWER: Denied.

22.     Defendants' use of the BESTWAY trademarks in connection with the advertising, distribution, offering for sale, and sale of counterfeit BESTWAY products, including the sale of counterfeit BESTWAY products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

ANSWER: Denied.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

23.     Plaintiff repeats and incorporates by reference herein the allegations contained in paragraphs 1-22 of this Complaint.

ANSWER: Defendants adopt and incorporate their responses to paragraphs 1-22 above as if fully set forth herein.

24.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the registered BESTWAY trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. BESTWAY trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Plaintiff's products provided under the BESTWAY trademarks.

ANSWER: Defendants admit this is a lawsuit in which Plaintiff is seeking damages for trademark infringement. Defendants deny the remaining allegations contained in this paragraph.

25.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and

are still selling, offering to sell, marketing, distributing, and advertising products in connection with the BESTWAY trademarks without Plaintiff's permission.

ANSWER: Denied.

26.     Plaintiff BESTWAY INFLATABLES & MATERIAL CORP. is the registered owner of the BESTWAY trademarks (U.S. Registration Nos. 2,748,177; 2,756,976 and 5,702,452.) The United States Registrations for the BESTWAY trademarks (Group Exhibit 1) are in full force and effect. Upon information and belief, Defendants have knowledge of Plaintiff's rights in the BESTWAY trademarks and are willfully infringing and intentionally using counterfeits of the BESTWAY trademarks. Defendants' willful, intentional, and unauthorized use of the BESTWAY trademarks are likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

ANSWER: Defendants do not possess sufficient information regarding the status of Plaintiff's alleged trademarks with the USPTO to admit or deny the allegations contained in this paragraph and on that basis they are denied. Defendants deny the remaining allegations contained in this paragraph.

27.     Defendants' activities constitute willful trademark infringement and counterfeiting under 15 U.S.C. §§ 1114, 1117.

ANSWER: Denied.

28.     The injuries and damages sustained by Plaintiff has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit BESTWAY products.

ANSWER: Denied.

29.     Plaintiff has no adequate remedy at law, and, if Defendants' actions are not

enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its
well-known BESTWAY trademarks.

ANSWER: Denied.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

30.    Plaintiff repeats and incorporates by reference herein the allegations contained in
paragraphs 1-29 of this Complaint.

ANSWER: Defendants adopt and incorporate their responses to paragraphs 1-29 above
as if fully set forth herein.

31.    Defendants' promotion,  marketing, offering for sale, and sale of counterfeit
BESTWAY products has created and is creating a likelihood of confusion, mistake, and deception
among the general public as to the affiliation, connection, or association with Plaintiff or the origin,
sponsorship, or approval of Defendants' counterfeit BESTWAY products by Plaintiff.

ANSWER: Denied.

32.    By using the BESTWAY trademarks in connection with the sale of counterfeit
BESTWAY products, Defendants create a false designation of origin and a misleading
representation of fact as to the origin and sponsorship of the counterfeit BESTWAY products.

ANSWER: Denied.

33.    Defendants' false designation of origin and misrepresentation of fact as to the
origin and/or sponsorship of the counterfeit BESTWAY products to the general public is a
willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

ANSWER: Denied.

34.    Plaintiff has no adequate remedy at law and, if Defendants' actions are not
enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its

brand.

ANSWER: Denied.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510/1, et seq.)

35.     Plaintiff repeats and incorporates by reference herein the allegations contained in

paragraphs 1-34 of this Complaint.

ANSWER: Defendants adopt and incorporate their responses to paragraphs 1-34 above as

if fully set forth herein.

36.     Defendants    have    products    as    those    of    Plaintiff,    causing    a    likelihood    of

confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine BESTWAY products, representing that their products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

ANSWER: Denied.

37.    The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1, et seq.

ANSWER: Denied.

38.    Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

ANSWER: Denied.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily preliminarily, and permanently enjoined and restrained from:

    a. using the BESTWAY trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any products that are not genuine BESTWAY products or is not authorized by Plaintiff to be sold in connection with the BESTWAY trademarks; or not produced under the authorization, control, or

supervision of Plaintiff and approved by Plaintiff for sale under the BESTWAY trademarks;

b. committing any acts calculated to cause consumers to believe that Defendants' counterfeit BESTWAY products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

c. further infringing the BESTWAY trademarks and damaging Plaintiff's goodwill;

d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any trademarks of Plaintiff, including the BESTWAY trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof;

e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell counterfeit BESTWAY products; and

f. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the BESTWAY trademarks or any reproduction, counterfeit copy or colorable imitation thereof that are not genuine BESTWAY products or not authorized by Plaintiff to be sold in connection with the BESTWAY trademarks; and

2)   That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to filed with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with paragraph 1, a through g, above;

3)   Entry of an Order that, at Plaintiff's choosing, the registrant of the Defendant Domain Names shall be changed from the current registrant to Plaintiff, and that the domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, shall unlock and change the registrar of record for the Defendant Domain Names to a registrar of Plaintiff's selection, and that the domain name registrars take any steps necessary to transfer the Defendant Domain Names to a registrar of Plaintiff's selection; or that the same domain name registries shall disable the Defendant Domain Names and make them inactive and untransferable;

4)   Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as iOffer, eBay, PayPal, Wish, Amazon, Alipay, and DHgate, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall:

    a.   disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit BESTWAY products using the BESTWAY trademarks, including any accounts associated with the Defendants listed on Schedule A;

b.  disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit BESTWAY products using the BESTWAY trademarks; and

c.  take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index; and

5) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the BESTWAY trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

6) In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not more than $2,000,000 for each and every use of the BESTWAY trademarks;

7) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

8) Award any and all other relief that this Court deems just and proper.

ANSWER: Defendants deny that Plaintiff is entitled to any of the relief sought in its "prayer for relief," paragraphs 1-8, including sub-parts. Defendants deny that Plaintiff is entitled to any relief against them whatsoever.

**WHEREFORE**, Defendants deny that they are liable to Plaintiff on any of the claims alleged or that Plaintiff is entitled to any relief. Defendants pray that this Court enter judgment in favor of Defendants and against Plaintiff and that this Court denies Plaintiff any relief whatsoever.

Dated: November 1, 2021

Respectfully submitted,

<u>/s/ Erin K. Russell</u>
Erin K. Russell
Counsel for Defendants sunshinetree and tootooup
The Russell Firm, LLC
833 W. Chicago Avenue, Suite 508
Chicago, IL 60642
T: 312-994-2424
F: 312-706-9766
<u>erin@russellfirmip.com</u>

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on November 1, 2021, this document was filed with the Court via the CM/ECF electronic filing system, thereby serving it upon all counsel of record.

<u>/s/ Erin K. Russell</u>